## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JULIO BARRETO, JR. *et al.*,

      *Plaintiffs,*

Case No. 26-cv-02912-DKC

MONTGOMERY COUNTY, MD

      *Defendants.*

## DECLARATION OF STEPHEN JOHNSTON

1. COMES NOW, the declarant, STEPHEN JOHNSTON, hereby solemnly declares under penalties of perjury and states that based upon personal knowledge that the contents of the following declaration are true:

2. I am an adult over the age of 18, a Maryland resident and I am fully competent to give sworn testimony in this matter. I am the Chairman of the Board of Directors of Plaintiff Maryland Shall Issue, Inc. ("MSI") and I am authorized to execute this Declaration on behalf of MSI.

3. Plaintiff MARYLAND SHALL ISSUE, INC. ("MSI") is a Maryland corporation, located at 9613 Harford Rd., Ste C #1015, Baltimore, MD 21234-2150. MSI is an Internal Revenue Service certified Section 501(c)(4), non-profit, non-partisan, all-volunteer membership organization with approximately 2100 members statewide. MSI is dedicated to the preservation and advancement of gun owners' rights in Maryland. It seeks to educate the community about the right of self-protection, the safe handling of firearms, and the responsibility that goes with carrying a firearm in public. The purposes of MSI include promoting the exercise of the right to keep and bear arms and education, research, and legal action associated with the constitutional right to privately own, possess and carry firearms.

1

4. MSI has one or more members who have carry permits issued by the Maryland State Police under MD Code, Public Safety, § 5-306, and who live in Montgomery County and frequently or regularly visit, while legally armed under State law, locations which are within 100 yards of a "place of public assembly" as that term is defined by Bill 23-26. The home of one member of MSI is immediately within 100 yards of a synagogue, a school and a church in Montgomery County. This member acts as a designated security member at his synagogue in the County. Another member of MSI, who also has a carry permit, is armed at his synagogue at Chabad of Potomac, 11621 Seven Locks Rd., Potomac, MD, at the specific request of his rabbi. On the Sabbath this member walks to his synagogue and passes within 100 yards of St James Episcopal Church, 11815 Seven Locks Rd., Potomac, MD.

5. Another member of MSI lives near Brookeville, MD, within Montgomery County, and his home is within 100 yards of the Rachel Carson Conservation Park near Olney. This individual regularly visits shops located within 100 yards of a privately owned "Butterfly Park" located at the center of Olney at 3233 Spartan Rd., Olney, MD. This private park is within 100 yards of an apartment complex, a Safeway grocery store and its underground parking garage, a Western Union outlet, a bank, a gas station, a salon, a private gym, a CVS pharmacy, several restaurants, including a Papa Johns Pizza, an ice cream shop, and a Buffalo Wild Wings, and an ATM. These and other members of MSI with carry permits are regularly armed, as allowed by State law, as they go about their daily activities in Montgomery County. But for the enactment of Bill 23-26 and the threat of prosecution by the County of Bill 23-26, these members of MSI would continue to visit such locations while legally armed and intend to do so in the future. Such MSI members fear prosecution under Chapter 57 if they should do so.

6. MSI has members who live outside of Montgomery County, but who travel to or work within Montgomery County. These MSI members regularly exit their vehicles while armed as allowed by State law and go on foot to specific locations within Montgomery County within 100 yards of "a place of public assembly," as that term is used in Bill 23-26. Each of these members has a wear and carry permit. Plaintiff Alan Duncan and Plaintiff Arthur Scott Thacher are among these members. Another member of MSI, who is a resident of Frederick County, has a wear and carry permit and is armed while employed at office space on Courthouse Square in Rockville, well within 100 yards of County courthouses and the Courthouse Square Park. Still another member lives in Carroll County, and regularly visits his brother on North Park Ave, Chevy Chase, MD, within 100 yards of Hubert Humphrey Park at 4433 S. Park Ave., Friendship Heights, MD. This member also visits his daughter who lives on Hickory Forest Way, within 100 yards of the North Germantown Greenway Stream Valley Park. These and other members of MSI who live outside of Montgomery County, and who have carry permits, are regularly armed as they exit their vehicles and go to these and other activities in Montgomery County, as allowed by State law. But for the enactment of Bill 23-26 and the threat of prosecution by the County of Bill 23-26, these members of MSI would continue to visit such locations in the County while legally armed and intend to do so in the future. Such MSI members fear prosecution under Chapter 57, as amended by Bill 23-26, if they should do so.

7. MSI has one or more members who live outside of Montgomery County and do not possess a Maryland wear and carry permit, but who nonetheless possess and transport unloaded handguns and long guns as well as ammunition inside of Montgomery County and do so in accordance with State law. But for the threat of prosecution by the County of Chapter 57, these members of MSI would continue to travel in Montgomery while transporting unloaded firearms and ammunition and intend

to do so in the future. Such MSI members fear prosecution under Section 57-10 of Chapter 57, as amended by Bill 23-26, if they should do so.

8. MSI's President (and counsel) filed extensive comments with Montgomery County and objections to Bill 23-26 prior to its enactment. A true and correct copy of those comments is included in the June 10, 2026, Staff Memorandum to Bill 23-26. That Staff Memorandum is attached to the Complaint as Exhibit D. The MSI President and counsel also presented oral testimony to the Montgomery County Council on June 9, 2026, in opposition to Bill 23-26 on behalf of MSI and its members. As a participant in this legislative process, MSI has represented the interests of its members in the subject matter addressed by Chapter 57.

9. Chapter 57 burdens the ability of MSI members to keep and bear arms within Montgomery County. These MSI members have standing to challenge Chapter 57. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) (Where "the plaintiff is himself an object of the action *** there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it."). MSI has representational standing to sue on behalf its members who live in Montgomery County and/or who travel through Montgomery County or who otherwise are injured by the County's unlawful actions. *Hunt v. Washington State Apple Advert. Com'n.*, 432 U.S. 333, 342 (1977).

10. Each of MSI's members who possess or transports firearms in Montgomery County is injured by Section 57-10 and Section 57-11(a) of Chapter 57. MSI has at least one such member who resides outside of Montgomery County but travels to and conducts lawful activities outside of a vehicle in the County while lawfully armed under State law. MSI has at least one such member who is a resident of Montgomery County and who travels in and conducts lawful activities outside of a vehicle in the County while lawfully armed under State law. MSI has at least one such member who

resides outside of Montgomery County who does not have a wear and carry permit but who travels within the County while possessing and transporting firearms lawfully under State law. The interests that MSI seeks to protect are germane to MSI's purpose and neither the claims asserted herein nor the relief requested require the participation of MSI's individual members. See *Retail Industry Leaders Ass'n. v. Fielder,* 475 F.3d 180, 186 (4th Cir. 2007).

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 28th day of July, 2026.

Stephen Johnston
Chairman, Board of Directors, MSI.

5