

MARYLAND SHALL ISSUE
SELF DEFENSE IS A CIVIL RIGHT

August 11, 2026

**VIA ELECTRONIC MAIL ONLY**
The Honorable Deborah K. Chasanow, District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770
MDD_DKCChambers@mdd.uscourts.gov

**RE:** *Silver Spring Jewish Center, Inc. et al. v. Montgomery County, Maryland, et al.,*
**Case No. 8:26-Cv-02963-DKC;** *Julio Barreto, Jr., et al. v. Montgomery County, MD,*
**Case No. 26-cv-02912-DKC**

Dear Judge Chasanow:

Undersigned counsel represents the *Barreto* plaintiffs in the above-captioned matter. This letter is intended to respond to the August 11, 2026, letter to the Court and set forth the position of the *Barreto* plaintiffs on pending matters. Before the Court in *Barreto* is plaintiffs' motion for an Administrative Stay, a TRO and a Preliminary Injunction, all filed on July 31, 2026, along with the supporting memorandum and declarations. The position of the *Barreto* plaintiffs with respect to any extension of time was made clear to counsel for the County in an email on July 28, 2026, in which undersigned counsel stated:

> If the County wishes to enter into a binding disavowal of enforcement of Section 57-10 and Section 57-11(a) while the case is pending, then the urgency of the case disappears, and the case can be litigated in a more leisurely manner and I will forego a motion for a PI. Let me know if the County is willing to do that. If not, then we intend to litigate in a more expeditious (read full-tilt) manner.

At no time have the *Barreto* plaintiffs deviated from that position. The *Barreto* plaintiffs oppose any extension of time for the County because every day that Bill 23-26 remains in effect irreparably harms the *Barreto* plaintiffs' fundamental constitutional rights under both the Maryland Constitution and the Second Amendment. To date, the County has not responded to this request for a non-enforcement statement.

With respect to consolidation, the *Barreto* plaintiffs do not oppose consolidation with *Silver Spring Jewish Center, Inc.* case. We note only that the complaint filed in *Barreto* has two pendent State law Counts that would *independently* support a TRO and a preliminary injunction without any need to address the Second Amendment claim set forth in Count III of the *Barreto* complaint and in the *Spring Jewish Center, Inc.* complaint. The County has been on notice with respect to these claims (and the Second Amendment claim) since June 9, 2026, when the undersigned testified orally and submitted a detailed 22-page





legal brief to the County in opposition to Bill 23-26. See Complaint, Exh. D at 88. The *Barreto* plaintiffs oppose consolidation with the suit filed by the United States in *United States v. Montgomery Co*, No. 8:26-cv-03025-TDC, as the underlying claim in that suit is based on 34 U.S.C. § 12601, which is a claim that belongs uniquely to the United States.

The *Barreto* plaintiffs likewise oppose any consolidation with the prior suit filed by the undersigned in district court. The federal claims and related State law claims in that case are currently stayed in federal district court and are being held in abeyance in the Fourth Circuit pending resolution of a petition for certiorari filed from the Fourth Circuit's recent decision in *Kipke v. Moore*, 165 F.4th 194 (4th Cir. 2026), *petition for certiorari filed sub. nom.*, *Novotny v. Moore,* No. 25-1324 (U.S. filed May 20, 2026). See *Maryland Shall Issue, Inc., v. Montgomery County,* No.21-cv-01736(L), ECF # 114 (D.Md. filed July 6, 2026); *Maryland Shall Issue, Inc. v. Montgomery County,* No. 23-1719, ECF # 137 (4th Cir. filed May 22, 2026). That petition for certiorari likewise turns, in part, on the application of the Supreme Court's decisions in *Wolford v. Lopez*, 146 S.Ct. 2032 (June 25, 2026), and *United States v. Hemani,* 146 S.Ct. 1677 (June 18, 2026). Given these stays, there is no reason to further complicate those proceedings with the challenges to Bill 23-26 at issue in *Barreto* and S*ilver Spring Jewish Center, Inc.*, and *vice versa*.

Finally, with respect to the August 12, 2026, status conference with Judge Rubin in the *Engage Armament, LLC v. Montgomery County*, Case No. 485899V (Mont. Co. Circuit Court), on August 10, 2026, the plaintiffs filed a Notice with Judge Rubin asking the court to adhere to the mandates of the Maryland Supreme Court in *Engage Armament, et al. v. Montgomery County,* 494 Md. 1 (2026), and the mandate of the Appellate Court of Maryland in *Montgomery County v. Engage Armament*, ACM-REG-2319-2023, No. 2319, September Term 2023, and enter final judgment, as required by the mandates of these courts. Entry of final judgment would simply start the 30-day period in which the plaintiffs in that case may file a petition for fees and costs under express terms of a March 29, 2024, order previously entered by Judge Rubin. If final judgment is entered by Judge Rubin then nothing in those proceedings would provide any basis for delay in these proceedings.

Respectfully ,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
MD Atty No. 1905150005
*Counsel for the Barreto Plaintiffs*

cc: All Counsel