**STEIN SPERLING**
BENNETT · DE JONG · DRISCOLL PC

**JEFFREY M. SCHWABER**
ATTORNEY AT LAW
PRINCIPAL

1101 Wootton Parkway
Suite 700
Rockville, Maryland 20852
301-838-3210 direct
301-340-2020 main
301-354-8110 direct fax
jschwaber@steinsperling.com
www.steinsperling.com

File Number: 2260967.01

August 17, 2026

**VIA ELECTRONIC MAIL ONLY**
The Honorable Deborah K. Chasanow, District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770
MDD_DKCChambers@mdd.uscourts.gov

RE: *Silver Spring Jewish Center, Inc. et al. v. Montgomery County, Maryland, et al.*, Case No. 8:26-cv-02963-DKC; *Julio Barreto, Jr., et al. v. Montgomery County, MD*, Case No. 26-cv-02912-DKC; *United States of America v. Montgomery County, Maryland, et al.*, Case No. 8:26-cv-03025-TDC; *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*, Case No. 8:21-cv-01736-TDC

Dear Judge Chasanow,

Per this Court's directive at the August 3, 2026 Scheduling Hearing in Case No. 8:26-cv-02963-DKC, I am writing to communicate the outcome of the recent Status Hearing in the state court component of Case No. 8:21-cv-01736-TDC, as well as the positions of the parties on consolidation of the above-referenced cases and scheduling of pending motions for injunctive relief. Although Your Honor did not direct that this letter be circulated among all counsel, out of an abundance of caution and given the variety of parties and positions, I circulated a draft to all counsel to confirm that it accurately states the positions as discussed in the parties' August 12, 2026 meet and confer. As of the time of this submission, I have received confirmation from all parties that it does.

As indicated to Your Honor, counsel for the parties in *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*, Case No. 8:21-cv-01736-TDC attended a Status Conference in the Circuit Court for Montgomery County, Maryland on Counts I, II, and III of Plaintiffs' Second Amended Complaint, which Counts comprise the state law components of Plaintiffs' claims (Civil No. 485899V). The parties preliminarily argued their positions to The Honorable Ronald B. Rubin of that Court as to how the state court claims should proceed. Plaintiffs' position in that case is that the May 29, 2026 Mandate by the Supreme Court of Maryland requires the Circuit Court to issue a final judgment in the form of a Declaratory Judgment and an Order of Injunctive Relief. The County's position is that the Circuit Court no longer has subject matter jurisdiction in light of the County's enactment of Bill 23-26E, which amends the Montgomery County Code provisions that are the subject of Plaintiffs' Second Amended Complaint. Just prior to the status conference with Judge Rubin on August 12, the County filed a Motion to Dismiss Counts I, II, and III of the Second Amended Complaint on the basis that those claims are

moot, and the County took the position that Judge Rubin should consider and resolve that matter preliminarily, before any further action by him. The Plaintiff took the position that the County's Motion to Dismiss should be stricken as improper in light of the Mandate. Judge Rubin concluded that while he initially intended to hold just a Status Conference, given the parties' summary arguments of their respective positions, he needed to review the matter and get back to the parties with further direction. He suspended any deadlines (including for Plaintiffs to respond to the County's Motion to Dismiss), and otherwise did not commit to any further specific timing for the proceedings, other than to suggest that he intends to move expeditiously.

Consolidation: It is the County's position (as well as the position of the County Executive and Chief of Police of Montgomery County, and the Montgomery County, Maryland Police Department, all of whom the undersigned also represents in the *Silver Spring Jewish Center* and *Barreto* matters, respectively), that all of the above-referenced lawsuits should be consolidated and should proceed before a single judge in this Court. The Plaintiffs in the *Barreto* and *Maryland Shall Issue* cases do not oppose consolidation of the *Barreto* and *Silver Spring Jewish Center* cases, but oppose consolidation of any other cases in this Court. The *Barreto* and *Maryland Shall Issue* Plaintiffs also refer the Court to Mark Pennak's August 11, 2026 letter to Your Honor, which more fully states their position on these matters. The *Silver Spring Jewish Center* Plaintiffs agree with the position of the *Barreto* and *Maryland Shall Issue* Plaintiffs, that the *Barreto* and *Silver Spring Jewish Center* cases may be consolidated, but also oppose the consolidation of any other cases in this Court. The United States opposes consolidation of any cases with the *Maryland Shall Issue* case (Case No. 8:21-cv-01736-TDC), but otherwise does not hold strong views on consolidating its case with the *Barreto* and *Silver Spring Jewish Center* cases, subject only to its observation that it brings its challenge to the County's legislation on different grounds (34 U.S. C. § 12601). Counsel for the State's Attorney in the *Silver Spring Jewish Center* case indicated that she is not taking any position on consolidation, and defers to the Court on that issue. She reiterated her intention, as communicated to Your Honor at the August 3, 2026 Scheduling Conference, that she will file a motion to dismiss the State's Attorney, and asks that the deadline for filing that Motion is the same as the County's response deadline stated below. As of the August 12 meet and confer, the United States had just communicated service on the Montgomery County, Maryland Sheriff's Office and Maxwell C. Uy, which parties were not represented on the call. Counsel for Sheriff Uy in the *United States* case has since communicated that she does not take any position on consolidation, and defers to the Court on that issue.

Scheduling: The County proposed the following schedule: September 11, 2026 (30 days from the parties' meet and confer) for responding to the Complaints in the *Silver Spring Jewish Center*, *Barreto*, and *United States* matters (including any briefing as it relates to standing in those cases) and for responding to the motions for injunctive relief in each of those cases. If the cases are consolidated, the County would file one omnibus

STEIN SPERLING
BENNETT · DE JONG · DRISCOLL PC



opposition to the *Silver Spring Jewish Center* Plaintiffs' Motion for Temporary Restraining Order or Preliminary Injunction, the *Barreto* Plaintiffs' Motions for an Administrative Stay, for a TRO and for a Preliminary Injunction, and the United States' Motion for Preliminary Injunction. The County proposes that any replies be filed by September 25, 2026 (14 days from the filing date of the opposition(s)). The *Barreto* and *Silver Spring Jewish Center* Plaintiffs articulated their opposition to any extensions absent agreement by the County not to enforce Bill 23-26E, which agreement the County confirmed it is not in a position to make. The United States suggested the possibility of everyone agreeing to an August 24, 2026 deadline, which is the current deadline for the County's response to the United States' Motion for Preliminary Injunction (which currently is assigned to Judge Chuang and thus not part of your Order staying deadlines). The Plaintiffs in the *Silver Spring Jewish Center* case expressed their willingness to accept the United States' compromise, on the express condition that such consent would be without prejudice to their claim of urgency and imminent and ongoing harm. The County communicated that it believes that proposed deadline for all filings is too ambitious, particularly given the need for this Court to resolve the question of consolidation. At that point, Plaintiffs for all matters communicated that they are opposed to any extensions absent the County's agreement to non-enforcement of Bill 23-26E. The *Barreto* Plaintiffs oppose any further extensions of time for the County to respond to their Motion for An Administrative Stay, a TRO and a Preliminary Injunction. Counsel for the State's Attorney agrees with the County's proposed schedule, and asks that that schedule apply to the State's Attorney's deadlines.

* * *

As a final note, the County has not yet sought extensions of deadlines in the *United States of America* case that has been assigned to The Honorable Theodore D. Chuang. Per Your Honor's prior indication that Your Honor is speaking with Judge Chuang generally about consolidation of these matters, the County asks that one ruling apply to all cases, or that the County be directed to file whatever it need to file in the *United States of America* case before Judge Chuang to seek whatever extensions it believes are appropriate.

Respectfully,

*Jeff M. Schwaber*

Jeffrey M. Schwaber

JMS/DLP
cc:

Deanna L. Peters
dpeters@steinsperling.com

Ritozeh A. Saingbe
rsaingbe@steinsperling.com

Mark Pennack
mpennak@marylandshallissue.org

Matthew Larosiere
Larosieremm@gmail.com

Wendy Schiff, Esq.
wshiff@oag.maryland.gov

Andrew Morris
andrew.morris@ncla.legal

Jacob Huebert
jacob.huebert@ncla.legal

J. Menashe Shapiro
rabbimenasheshapiro@gmail.com

Gregory Dolin
Gregory.Dolin@usdoj.gov

Patrick Todd
Patrick.todd@usdoj.gov

Barry Arrington.
Barry.Arrington@usdoj.gov

Frank Francone
Frank.francone@usdoj.gov

William Hanrahan
William.hanrahan@usdoj.gov

Keith Gaines
Keith.gaines@usdoj.gov

Emily Green Hull
egreenhull@oag.maryland.gov