**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JULIO BARRETO, JR., *et al.* | : | |
| | : | |
| Plaintiffs, | : | Case No. 8:26-cv-02912-DKC |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY, MARYLAND | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ANSWER TO COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF AND FOR COMPENSATORY DAMAGES, NOMINAL DAMAGES AND ATTORNEY'S FEES AND COSTS**

Defendant, Montgomery County, Maryland (the "County"), by and through its undersigned counsel, answers the Complaint for Declaratory and Equitable Relief and for Compensatory Damages, Nominal Damages and Attorney's Fees and Costs (the "Complaint"), as follows:

**INTRODUCTION**

1. The County admits that on July 21, 2026, the County Council enacted Expedited Bill No. 23-26 ("Bill 23-26E"), and admits that Bill 23-26E brought the County into alignment with the Maryland Supreme Court's Opinion in *Engage Armament LLC v. Montgomery County, Md.*, 494 Md. 1 (2026) (hereinafter, "*Engage Armament*"). The County admits that Bill 23-26E was executed by the County Executive on July 27, 2026 and became effective upon that same date. The County admits that Exhibit A to the Complaint is a true and correct copy of Bill 23-26E, as enacted but before execution for its effective date. The remaining allegations in paragraph 1 characterize the Complaint, which is a writing that speaks for itself, and any allegation at variance therewith is denied.

## JURISDICTION AND VENUE

2. The County denies that any rights of Plaintiffs, arising under the United States Constitution or otherwise, have been violated. The remaining allegations in paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations in paragraph 2.

3. The County admits the allegations in the first sentence of paragraph 3. The remaining allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations in paragraph 3.

**MONTGOMERY COUNTY LAW:**

**Montgomery County Bill 4-21, Bill 21-22 and *Engage Armament***

4. The allegations in paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 4 and/or other applicable law.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 5 and/or other applicable law.

6. The County admits that effective November 28, 2022, in the aftermath of the United States Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) ("*Bruen*") and on authority provided by MD Code, Criminal Law, § 4-209(b)(1), the County enacted Expedited Bill No. 21-22 ("Bill 21-22E") to amend Chapter 57 of the County Code and 2022 Laws of Montgomery County, Chapter 36. The remaining allegations in paragraph

6 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 6 and/or other applicable law.

7. The County admits that Exhibit B to the Complaint is a true and accurate copy of Bill 21-22E. The remaining allegations of paragraph 7 quote and/or characterize Bill 21-22E, which speaks for itself, and any allegations inconsistent therewith are denied.

8. The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 8 and/or other applicable law.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 9 and/or other applicable law.

10. The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 10 and/or other applicable law.

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 11 and/or other applicable law.

**Montgomery County Bill 23-26:**

12. The County admits the first two sentences in paragraph 12. The remaining allegations in paragraph 12 quote and/or characterize Bill 23-26E, which speaks for itself, and any allegations inconsistent therewith are denied.

13. Insofar as the allegations in paragraph 13 quote and/or characterize Bill 23-26E, Bill 23-26E speaks for itself, and any allegations inconsistent therewith are denied. The remaining allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 13 and/or other applicable law.

14. The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 14 and/or other applicable law.

**Section 57-10 of Chapter 57 of the Montgomery County Code:**

15. Paragraph 15 quotes and/or characterizes a prior written version of Section 57-10 of the Montgomery County Code, which speaks for itself, and any allegations inconsistent therewith are denied.

16. Insofar as the allegations in paragraph 16 quote and/or characterize Bill 23-26E, Bill 23-26E speaks for itself, and any allegations inconsistent therewith are denied. The remaining allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 16 and/or other applicable law.

17. Insofar as the allegations in paragraph 17 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 17 and/or other applicable law. The remaining allegations in paragraph 17 characterize "Montgomery County GIS Open Data," which speaks for itself and any allegation inconsistent therewith is denied.

18. The County admits that effective April 16, 2021, the County enacted Bill No. 4-21 ("Bill 4-21"). The County admits that Exhibit C to the Complaint is a true and accurate copy of Bill 4-21. Insofar as the allegations in paragraph 18 quote and/or characterize Bill 4-21 and/or Bill 23-26E, they speak for themselves, and any allegations inconsistent therewith are denied. The remaining allegations in paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 18 and/or other applicable law.

19. The County is without knowledge or information to admit or deny whether or how Plaintiffs "developed an interactive webpage consisting of a map of areas" that Plaintiffs contend "qualify as a 'place of assembly' as that term is defined by Bill 23-26E, and whether the image in paragraph 19 is an accurate "non-interactive Scalable Vector Graphic" of the data that Plaintiffs purport to have generated. The County denies the accuracy of the map, and otherwise denies the remaining allegations in paragraph 19.

20. The allegations in paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 20 and/or other applicable law.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 21 and/or other applicable law.

22. Denied.

**Maryland State Firearms Law:**

23. The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 23 and/or other applicable law.

24. The allegations in paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 24 and/or other applicable law.

25. The allegations in paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 25 and/or other applicable law.

26. The County is without knowledge or information to admit or deny the allegations in paragraph 26 as to whether and on what basis the Maryland State Police issued wear and carry permits in and after July 2022. The remaining allegations in paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, the County denies the

allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 26 and/or other applicable law.

27. The allegations in paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 27 and/or other applicable law.

28. The allegations in paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 28 and/or other applicable law.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 29 and/or other applicable law.

30. The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 30 and/or other applicable law.

31. The allegations in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 31 and/or other applicable law.

**THE SECOND AMENDMENT**

32. The allegations in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 32 and/or other applicable law.

33. The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 33 and/or other applicable law.

34. The allegations in paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 34 and/or other applicable law.

35. The allegations in paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 35 and/or other applicable law.

36. The allegations in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 36 and/or other applicable law.

## PARTIES

**Plaintiffs:**

37. Insofar as the allegations in paragraph 37 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 37 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 37.

38. Insofar as the allegations in paragraph 38 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 38 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 38.

39. Insofar as the allegations in paragraph 39 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 39 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 39.

40. Insofar as the allegations in paragraph 40 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 40 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 40.

41. Insofar as the allegations in paragraph 41 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 41 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 41.

42. Insofar as the allegations in paragraph 42 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 42 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 42.

43. Insofar as the allegations in paragraph 43 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 43 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 43.

44. Insofar as the allegations in paragraph 44 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 44 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 44.

45. Insofar as the allegations in paragraph 45 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 45 and/or other

applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 45.

46. Insofar as the allegations in paragraph 46 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 46 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 46.

47. Insofar as the allegations in paragraph 47 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 47 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 47.

48. Insofar as the allegations in paragraph 48 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 48 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 48.

49. Insofar as the allegations in paragraph 49 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 49 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 49.

50. The County is without knowledge or information to admit or deny the allegations in paragraph 50.

51. Insofar as the allegations in paragraph 51 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 51 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 51.

52. Insofar as the allegations in paragraph 52 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 52 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 52.

53. Insofar as the allegations in paragraph 53 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 53 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 53.

54. The County admits that Mark Pennak, President and counsel for Maryland Shall Issue, Inc., submitted written comments to proposed Bill 23-26E. The County admits that Exhibit D to the Complaint is a true and correct copy of a Report on Agenda Item #4D for a July 21, 2026 Action, and that a true and correct copy of Mr. Pennak's comments is attached thereto. The County admits that Mr. Pennak testified in opposition to Bill 23-26E on June 9, 2026. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 54.

55. The County denies the allegations in the first sentence of paragraph 55. The remaining allegations are legal conclusions, to which no response is required. To the extent a response is required, the County denies the allegations.

56. The County denies the allegations in the first sentence of paragraph 56. Insofar as the allegations in paragraph 56 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 56 and/or other applicable law. The County is without knowledge or information to admit or deny the remaining allegations in paragraph 56.

57. The allegations in paragraph 57 are legal conclusions, to which no response is required. To the extent a response is required, the County denies the allegations.

58. The allegations in paragraph 58 are legal conclusions, to which no response is required. To the extent a response is required, the County denies the allegations.

59. Insofar as the allegations in paragraph 59 are legal conclusions, no response is required. To the extent a response is required, the County denies the allegations. The County admits that it has not disavowed full enforcement of Chapter 57, but denies the remaining allegations in paragraph 59.

**Defendant:**

60. The County admits the allegations in the first sentence of paragraph 60. The remaining allegations in paragraph 60 are legal conclusions, to which no response is required. To the extent a response is required, the County denies the allegations.

**COUNT I**

**MARYLAND CONSTITUTION – ARTICLE XI-A**

61. The County realleges and incorporates herein by reference all the foregoing paragraphs of this Answer.

62. The allegations in paragraph 62 characterize the content of a website and other writings, which speak for themselves and any allegation inconsistent therewith is denied. The County otherwise is without knowledge or information to admit or deny the remaining allegations in paragraph 62.

63. The allegations in paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 63 and/or other applicable law.

64. The allegations in paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 64 and/or other applicable law.

65. The allegations in paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 65 and/or other applicable law.

66. The allegations in paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they

are inconsistent with the legal authorities quoted and/or characterized in paragraph 66 and/or other applicable law.

67. The allegations in paragraph 67 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 67 and/or other applicable law.

68. The allegations in paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 68 and/or other applicable law.

69. The allegations in paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 69 and/or other applicable law.

70. The allegations in paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 70 and/or other applicable law.

71. The allegations in paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 71 and/or other applicable law.

72. The allegations in paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 72 and/or other applicable law.

73. The County denies that any of Plaintiffs or members of MSI have been harmed and/or imminently threatened with future harm. The allegations in paragraph 73 otherwise are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 73 and/or other applicable law.

**COUNT II**

**EXPRESS PREEMPTION – SECTION 57-10 OF CHAPTER 57 OF THE MONTGOMERY COUNTY CODE**

74. The County realleges and incorporates herein by reference all the foregoing paragraphs of this Answer.

75. The allegations in paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 75 and/or other applicable law.

76. The allegations in paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 76 and/or other applicable law.

77. The County denies that any of Plaintiffs or members of MSI have been harmed and/or imminently threatened with future harm. The allegations in paragraph 77 otherwise are

legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 77 and/or other applicable law.

**COUNT III**

**SECOND AMENDMENT, UNITED STATES CONSTITUTION**

**Violations of the Second Amendment Right to Armed Self-Defense in Public**

78. The County realleges and incorporates herein by reference all the foregoing paragraphs of this Answer. The remaining allegations in paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 78 and/or other applicable law.

79. The allegations in paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 79 and/or other applicable law.

80. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 80 and/or other applicable law.

81. The allegations in paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 81 and/or other applicable law.

82. The allegations in paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 82 and/or other applicable law.

83. The allegations in paragraph 83 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 83 and/or other applicable law.

84. The allegations in paragraph 84 are legal conclusions to which no response is required. To the extent a response is required, the County denies the allegations insofar as they are inconsistent with the legal authorities quoted and/or characterized in paragraph 84 and/or other applicable law.

## PRAYER FOR RELIEF

The Prayer for Relief does not contain factual assertions but rather a request for relief. To the extent a response is required, the County denies that Plaintiffs are entitled to any of the relief requested, and seeks judgment in favor of the County and against Plaintiffs, that the requested relief is denied. The County further seeks such other and further relief in its favor as this Court may deem just and appropriate, and further seeks an award of the County's costs and attorneys' fees in defending this action.

## AFFIRMATIVE DEFENSES

### First Defense

Defendant Montgomery County generally denies liability as to all claims alleged in Plaintiffs' Complaint.

**Second Defense**

Some or all of Plaintiffs lack standing.

**Third Defense**

Plaintiffs' claims are barred, in whole or in part, by laches.

**Fourth Defense**

Plaintiffs' claims are barred, in whole or in part, by estoppel.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, by waiver.

**Sixth Defense**

Plaintiffs' claims are barred, in whole or in part, by res judicata.

**Seventh Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Eighth Defense**

Defendant did not intentionally or otherwise deprive Plaintiffs of their federal or state constitutional rights.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

By: /s/ Jeffrey M. Schwaber

Jeffrey M. Schwaber (Bar ID 419681)
jschwaber@steinsperling.com
(301) 354-8110 (facsimile)
Deanna L. Peters (Bar ID 15674)
dpeters@steinsperling.com
(301) 354-8131 (facsimile)
STEIN SPERLING BENNETT
DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
Tel: (301) 340-2020

/s/ Erin J. Ashbarry

Erin J. Ashbarry (Bar ID 26298)
Chief, Division of Government Operations
Erin.Ashbarry@montgomerycountymd.gov
Office of the County Attorney
101 Monroe Street, Third Floor
Rockville, Maryland 20850
Tel: (240) 777-6700
Fax: (240) 777-6705

*Attorneys for Montgomery County, Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2026, a copy of the foregoing was sent to all counsel of record via CM/ECF.

/s/ Jeffrey M. Schwaber
Jeffrey M. Schwaber (Bar ID 419681)