# Exhibit 14

# LAWS

## OF THE

# STATE OF MARYLAND

## ENACTED

At the Session of the General Assembly Begun and Held in the City of Annapolis on the Eighth Day of January 2003 and Ending on the Seventh Day of April 2003

Vetoes by the Governor follow immediately after Acts

---

# VOLUME I

---

Approved April 8, 2003.

---

## CHAPTER 5

### (Senate Bill 1)

AN ACT concerning

### Public Safety

FOR the purpose of adding a new article to the Annotated Code of Maryland, to be designated and known as the "Public Safety Article", to revise, restate, and recodify the laws of the State relating to: benefits for certain employees killed in the performance of duty, the 9–1–1 emergency telephone system, the Department of State Police, police employees and civilian employees in the Department of State Police, the statewide DNA data base system, the Local Division, the Vehicle Theft Prevention Council and the Vehicle Theft Prevention Fund, the Law Enforcement Officers' Bill of Rights, the Police Training Commission, special police officers, the Maryland Railroad Police Act, the Protective Body Armor Fund, the School Bus Safety Enforcement Fund, the Law Enforcement Equipment Fund, the sale, rental, transfer, purchase, possession, or receipt of regulated firearms, regulated firearms dealers' licenses, the purchase or possession of rifles and shotguns, permits to carry, wear, or transport handguns, the Handgun Permit Review Board, the handgun roster and the Handgun Roster Board, the Cease Fire Council and the Cease Fire Council Grant Program, the State Fire Prevention Commission, the State Fire Marshal, mutual aid agreements by fire, rescue, or emergency medical services entities, disability and death benefits for members of volunteer fire companies and rescue squads, length of service award programs, members of fire companies appointed as deputy sheriffs, the Senator William H. Amoss Fire, Rescue, and Ambulance Fund, the Volunteer Company Assistance Fund, county money and loans for volunteer fire companies, smoke detection systems, sprinkler systems, fast response residential fire sprinkler systems, high–rise building safety in case of fire, evacuation procedures in case of fire, disclosure of fire loss investigation reports, fire prevention codes of counties and municipal corporations, fire inspections by fire departments of counties and municipal corporations, fire sprinkler contractors, regulation of fireworks and sparklers, permits to discharge fireworks, licenses to operate fireworks plants, regulation of explosives, licenses to engage in business as manufacturers or dealers of explosives and licenses to possess explosives, the Explosives Advisory Council, administrative search warrants, the Model Performance Code for building construction, the Maryland Accessibility Code, the Minimum Livability Code, standards for industrialized buildings and manufactured homes, installation of safety glazing material in hazardous locations, the Maryland Building Performance Standards, the inspection of electrical installations for conformance with electrical codes, the registration and inspection of elevators, the Elevator Safety Review Board, licenses for elevator contractors and elevator

5–133. RESTRICTIONS ON POSSESSION OF REGULATED FIREARMS.

(A) PREEMPTION BY STATE.

THIS SECTION SUPERSEDES ANY RESTRICTION THAT A LOCAL JURISDICTION IN THE STATE IMPOSES ON THE POSSESSION BY A PRIVATE PARTY OF A REGULATED FIREARM, AND THE STATE PREEMPTS THE RIGHT OF ANY LOCAL JURISDICTION TO REGULATE THE POSSESSION OF A REGULATED FIREARM.

(B) POSSESSION OF REGULATED FIREARM PROHIBITED.

A PERSON MAY NOT POSSESS A REGULATED FIREARM IF THE PERSON:

(1) HAS BEEN CONVICTED OF A DISQUALIFYING CRIME;

(2) HAS BEEN CONVICTED OF A VIOLATION CLASSIFIED AS A COMMON LAW CRIME AND RECEIVED A TERM OF IMPRISONMENT OF MORE THAN 2 YEARS;

(3) IS A FUGITIVE FROM JUSTICE;

(4) IS A HABITUAL DRUNKARD;

(5) IS ADDICTED TO A CONTROLLED DANGEROUS SUBSTANCE OR IS A HABITUAL USER;

(6) SUFFERS FROM A MENTAL DISORDER AS DEFINED IN § 10–101(F)(2) OF THE HEALTH – GENERAL ARTICLE AND HAS A HISTORY OF VIOLENT BEHAVIOR AGAINST THE PERSON OR ANOTHER, UNLESS THE PERSON HAS A PHYSICIAN'S CERTIFICATE THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER;

(7) HAS BEEN CONFINED FOR MORE THAN 30 CONSECUTIVE DAYS TO A FACILITY AS DEFINED IN § 10–101 OF THE HEALTH – GENERAL ARTICLE, UNLESS THE PERSON HAS A PHYSICIAN'S CERTIFICATE THAT THE PERSON IS CAPABLE OF POSSESSING A REGULATED FIREARM WITHOUT UNDUE DANGER TO THE PERSON OR TO ANOTHER;

(8) IS A RESPONDENT AGAINST WHOM A CURRENT NON EX PARTE CIVIL PROTECTIVE ORDER HAS BEEN ENTERED UNDER § 4–506 OF THE FAMILY LAW ARTICLE; OR

(9) IF UNDER THE AGE OF 30 YEARS AT THE TIME OF POSSESSION, HAS BEEN ADJUDICATED DELINQUENT BY A JUVENILE COURT FOR AN ACT THAT WOULD BE A DISQUALIFYING CRIME IF COMMITTED BY AN ADULT.

(C) PENALTY FOR POSSESSION BY CONVICTED FELON.

(1) A PERSON MAY NOT POSSESS A REGULATED FIREARM IF THE PERSON WAS PREVIOUSLY CONVICTED OF:

(I) A CRIME OF VIOLENCE;

(II) A VIOLATION OF § 5–602, § 5–603, § 5–604, § 5–605, § 5–606, § 5–607, § 5–608, § 5–609, § 5–612, § 5–613, OR § 5–614 OF THE CRIMINAL LAW ARTICLE; OR

(III) ANY OTHER VIOLATION CLASSIFIED AS A FELONY IN THE STATE.

(2) A PERSON WHO VIOLATES THIS SUBSECTION IS GUILTY OF A FELONY AND ON CONVICTION IS SUBJECT TO IMPRISONMENT FOR NOT LESS THAN 5 YEARS, NO PART OF WHICH MAY BE SUSPENDED.

(3) A PERSON SENTENCED UNDER FARAGRAPH (1) OF THIS SUBSECTION MAY NOT BE ELIGIBLE FOR PAROLE.

(4) EACH VIOLATION OF THIS SUBSECTION IS A SEPARATE CRIME.

(D) POSSESSION BY PERSON UNDER AGE OF 21 YEARS PROHIBITED; EXCEPTIONS.

(1) EXCEPT AS PROVIDED IN PARAGRAPH (2) OF THIS SUBSECTION, A PERSON WHO IS UNDER THE AGE OF 21 YEARS MAY NOT POSSESS A REGULATED FIREARM OR AMMUNITION SOLELY DESIGNED FOR A REGULATED FIREARM.

(2) UNLESS A PERSON IS OTHERWISE PROHIBITED FROM POSSESSING A REGULATED FIREARM, THIS SUBSECTION DOES NOT APPLY TO:

(I) THE TEMPORARY TRANSFER OR POSSESSION OF A REGULATED FIREARM OR AMMUNITION SOLELY DESIGNED FOR A REGULATED FIREARM IF THE PERSON IS:

1. UNDER THE SUPERVISION OF ANOTHER WHO IS AT LEAST 21 YEARS OLD AND WHO IS NOT PROHIBITED BY STATE OR FEDERAL LAW FROM POSSESSING A FIREARM; AND

2. ACTING WITH THE PERMISSION OF THE PARENT OR LEGAL GUARDIAN OF THE TRANSFEREE OR PERSON IN POSSESSION;

(II) THE TRANSFER BY INHERITANCE OF TITLE, AND NOT OF POSSESSION, OF A REGULATED FIREARM;

(III) A MEMBER OF THE ARMED FORCES OF THE UNITED STATES OR THE NATIONAL GUARD WHILE PERFORMING OFFICIAL DUTIES;

(IV) THE TEMPORARY TRANSFER OR POSSESSION OF A REGULATED FIREARM OR AMMUNITION SOLELY DESIGNED FOR A REGULATED FIREARM IF THE PERSON IS:

1. PARTICIPATING IN MARKSMANSHIP TRAINING OF A RECOGNIZED ORGANIZATION; AND

2. UNDER THE SUPERVISION OF A QUALIFIED INSTRUCTOR;

(V) A PERSON WHO IS REQUIRED TO POSSESS A REGULATED FIREARM FOR EMPLOYMENT AND WHO HOLDS A PERMIT UNDER SUBTITLE 3 OF THIS TITLE; OR

(VI) THE POSSESSION OF A FIREARM OR AMMUNITION FOR SELF–DEFENSE OR THE DEFENSE OF OTHERS AGAINST A TRESPASSER INTO THE

RESIDENCE OF THE PERSON IN POSSESSION OR INTO A RESIDENCE IN WHICH THE PERSON IN POSSESSION IS AN INVITED GUEST.

REVISOR'S NOTE: This section is new language derived without substantive change from former Art. 27, §§ 449(e) and 445(d), (e), and, except as it related to the transfer of regulated firearms, (a).

In subsection (a) of this section, the references to a "local" jurisdiction are substituted for the former references to "subordinate" jurisdictions and "such" jurisdictions to conform to the terminology used throughout this title and in other revised articles of the Code.

Also in subsection (a) of this section, the former reference to restrictions imposed "by the laws, ordinances or regulations" of local jurisdictions is deleted as surplusage.

In subsection (b)(9) of this section, the reference to an adjudication for an "act" that would be a disqualifying crime "if committed by an adult" is added for consistency with § 5–306 of this title.

In subsection (c)(4) of this section, the reference to a "crime" is substituted for the former reference to an "offense" to conform to the terminology used in the Criminal Procedure Article and the Criminal Law Article.

In subsection (d)(2)(i) and (iv) of this section, the former phrases "if the person is under 21 years of age" are deleted as duplicative in light of subsection (d)(1) of this section.

The Public Safety Article Review Committee notes, for consideration by the General Assembly, that the meaning of the reference in former Art. 27, § 449(e) to a person "who is in illegal possession of a firearm as defined in § 445(d)(1)(i) and (ii) of [Art. 27]" is unclear. Former Art. 27, § 445(d)(1)(i) and (ii) prohibited a person who has been convicted of a crime of violence or any violation classified as a felony in this State from possessing a regulated firearm. The General Assembly may wish to clarify the meaning of former Art. 27, § 449(e), which is revised in subsection (c) of this section.

Defined terms: "Crime of violence" § 5–101
"Disqualifying crime" § 5–101
"Firearm" § 5–101
"Fugitive from justice" § 5–101
"Habitual drunkard" § 5–101
"Habitual user" § 5–101
"Person" § 1–101
"Regulated firearm" § 5–101

5–134. RESTRICTIONS ON SALE, RENTAL, OR TRANSFER OF REGULATED FIREARMS.

(A) PREEMPTION BY STATE.

THIS SECTION SUPERSEDES ANY RESTRICTION THAT A LOCAL JURISDICTION IN THE STATE IMPOSES ON THE TRANSFER BY A PRIVATE PARTY OF A REGULATED

(c) Whenever the term Secretary OF STATE POLICE is used in this subtitle with respect to the administration of the said retirement and pension system or with respect to contributions thereto, such term shall be taken to mean the said board of trustees.

REVISOR'S NOTE: This section formerly was Art. 88B, § 37.

Former Art. 88B, § 37 related to the establishment of a board of trustees of the retirement and pension system of the State Police. This provision is not retained in the Code because of its limited and diminishing applicability. However, it is transferred to the Session Laws to avoid any inadvertent substantive effect that its repeal might have.

The only changes are in style.

SECTION 13. AND BE IT FURTHER ENACTED, That the following article designations of the Annotated Code of Maryland be repealed:

The article designation "Article 16A – Maryland Emergency Management Agency"

The article designation "Article 38A – Fires and Investigations"

The article designation "Article 88B – Department of State Police"

The article designation "Article 89 – Miscellaneous Business, Work, and Safety Provisions"

SECTION 14. AND BE IT FURTHER ENACTED, That it is the intention of the General Assembly that, except as expressly provided in this Act, this Act shall be construed as a nonsubstantive revision, and may not otherwise be construed to render any substantive change in the law of the State.

SECTION 15. AND BE IT FURTHER ENACTED, That the catchlines, captions, Revisor's Notes, Special Revisor's Notes, and General Revisor's Notes contained in this Act are not law and may not be considered to have been enacted as a part of this Act.

SECTION 16. AND BE IT FURTHER ENACTED, That nothing in this Act affects the term of office of an appointed or elected member of any commission, office, department, agency, or other unit. An individual who is a member of a unit on the effective date of this Act shall remain a member for the balance of the term to which appointed or elected, unless the member sooner dies, resigns, or is removed under provisions of law.

SECTION 17. AND BE IT FURTHER ENACTED, That, except as expressly provided to the contrary in this Act, any transaction or employment status affected by or flowing from any change of nomenclature or any statute amended, repealed, or transferred by this Act and validly entered into or existing before the effective date of this Act and every right, duty, or interest flowing from a statute amended, repealed, or transferred by this Act remains valid after the effective date of this Act and may be terminated, completed, consummated, or enforced as required or allowed by any

statute amended, repealed, or transferred by this Act as though the repeal, amendment, or transfer had not occurred. If a change in nomenclature involves a change in name or designation of any State unit, the successor unit shall be considered in all respects as having the powers and obligations granted the former unit.

SECTION 18. AND BE IT FURTHER ENACTED, That the continuity of every commission, office, department, agency, or other unit is retained. The personnel, records, files, furniture, fixtures, and other properties and all appropriations, credits, assets, liabilities, and obligations of each retained unit are continued as the personnel, records, files, furniture, fixtures, properties, appropriations, credits, assets, liabilities, and obligations of the unit under the laws enacted by this Act.

SECTION 19. AND BE IT FURTHER ENACTED, That, except as expressly provided to the contrary in this Act, any person licensed, registered, certified, or issued a permit or certificate by any commission, office, department, agency, or other unit established or continued by any statute amended, repealed, or transferred by this Act is considered for all purposes to be licensed, registered, certified, or issued a permit or certificate by the appropriate unit continued under this Act for the duration of the term for which the license, registration, certification, or permit was issued, and may renew that authorization in accordance with the appropriate renewal provisions of this Act.

SECTION 20. AND BE IT FURTHER ENACTED, That this Act does not rescind, supersede, change, or modify any rule adopted by the Court of Appeals that is or was in effect on the effective date of this Act concerning the practice and procedure in and the administration of the appellate courts and the other courts of this State.

SECTION 21. AND BE IT FURTHER ENACTED, That the publisher of the Annotated Code of Maryland, in consultation with and subject to the approval of the Department of Legislative Services, shall correct, with no further action required by the General Assembly, cross–references and terminology rendered incorrect by this Act or by any other Act of the General Assembly of 2003 that affects provisions enacted by this Act. The publisher shall adequately describe any such correction in an editor's note following the section affected.

SECTION 22. AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2003.

Approved April 8, 2003.