**Mark W. Pennak**
*President*

MARYLAND SHALL ISSUE
SELF DEFENSE IS A CIVIL RIGHT

September 4, 2026

VIA ELECTRONIC MAIL and ECF Filing
The Honorable Deborah K. Chasanow, District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770
MDD_DKCChambers@mdd.uscourts.gov

**RE: *Silver Spring Jewish Center, Inc. et al. v. Montgomery County, Maryland,* et al., Case No. 8:26-Cv-02963-DKC; J*ulio Barreto, Jr., et al. v. Montgomery County, MD*, Case No. 26-cv-02912-DKC**

Dear Judge Chasanow:

Undersigned counsel represents the *Barreto* plaintiffs in the above-captioned matters. This letter is intended to respond to questions from the bench during the September 3, 2026, oral argument concerning whether the County's contention that limiting enforcement of Bill 23-26 to civil proceedings, as opposed to criminal prosecution, obviates plaintiffs' standing. For the reasons set forth below, the answer is "No."

As noted in the Complaint, ¶ 14, a violation of Bill 23-26 is a "Class A" violation, enforceable with either a $1,000 fine and 6 months in jail, or with a civil fine of $500 for the first offense and $750.00 for each subsequent offense. Each day is a separate offense. See Sections 57-15, 1-19 of the County Code. Such substantial fines cannot help but chill the exercise of the very rights that plaintiffs seek to protect. Plaintiffs are law-abiding. Apart from the fines, people, including MSI members, are extremely reluctant to risk the reputational or professional consequences that may result from *any* violation of Chapter 57 of the County Code, regardless of whether it is enforced civilly or criminally. For example, federal employees or federal contractor employees with security clearances (which includes at least one MSI member with a carry permit) are required to report "[a]cts of omission or commission that indicate poor judgment" or any "[c]riminal or dishonest conduct." https://perma.cc/MD2A-Q69D. Even traffic violations are reportable if a fine of greater than $250.00 was imposed. *Id*. See also 32 C.F.R. § 117.8(a)(1). Any failure to report can have serious consequences. See https://perma.cc/XU3J-KB2C.

The case law confirms that standing turns on the prospect of "enforcement," regardless of whether enforcement is civil or criminal. In a case involving potential criminal penalties, the Supreme Court stated the controlling rule more broadly in *Babbitt*

*v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979), holding that a plaintiff may challenge the prospective operation of a statute where there is "a realistic danger of sustaining a direct injury as a result of the statute's *operation or enforcement*") (emphasis added). The possibility of a $500.00 or a $750.00 fine is "direct injury." The "operation" of Bill 23-26 creates an *in terrorem* deterrence effect, regardless of whether a violation is punished civilly or criminally. That is "direct injury." The prospects of adverse reputational or work consequences of Bill 23-26's "operation" or civil enforcement are also "direct injuries."

The Supreme Court has invoked these principles in civil cases. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29. 137 (2007), involved a civil suit concerning whether a patent was invalid or unenforceable. In sustaining standing, the Supreme Court held that "where threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced." 549 U.S. at 128-29 (emphasis added). The Court thus ruled "[w]e hold that petitioner was not required, insofar as Article III is concerned, to break or terminate its 1997 license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed." 549 U.S. at 137. Similarly, *Free Enter. Fund. v. Pub.Co. Acct. Oversight Bd.*, 561 U.S. 477 (2010), involved a civil suit challenging constitutionality of Sarbanes-Oxley Act's creation of Public Company Accounting Oversight Board. The Court held that "[w]e normally do not require plaintiffs to 'bet the farm ... by taking the violative action before 'testing the validity of the law.'" 561 U.S. at 490, citing *MedImmune*, 549 U.S. at 129; *Ex parte Young*, 209 U.S. 123 (1908).

The lower courts are in accord. See, e.g., *NetChoice, LLC v. Skrmetti*, --- F.4th ---, 2026 WL 2546423 at *10-*12 (6th Cir. Aug. 28, 2026) (reversing district court's holding that plaintiffs had not shown a "credible risk of enforcement" of civil penalties imposed by a Tennessee statute where the defendant "refused to disavow enforcement" of the civil penalties imposed by the statute, holding that "a strategic delay in enforcement does not preclude a credible threat of enforcement"); *Animal Legal Defense Fund v. Vaught*, 8 F.4th 714, 721 (8th Cir. 2021) (standing sustained in civil action brought to enjoin civil enforcement of a State statute where the defendants "declined to disavow intent to pursue rights under the law"); *Christian Healthcare Centers, Inc. v. Nessel*, 117 F.4th 826, 855 (6th Cir. 2024) (holding that there was a credible fear of civil enforcement where the State Attorney General chose"not to disavow enforcement"). There are undoubtedly more such cases. We have found no contrary circuit precedent.

These decisions make clear that the County's purported disavowal of criminal enforcement, even if true (and the State's Attorney has yet to file any binding statement so indicating), is insufficient, especially where the County has affirmatively stated that it will enforce Chapter 57 with substantive civil fines. See also https://perma.cc/7MUF-8EZX (quoting the County Police as saying it would enforce Bill 23-26 the same way as "every other law"). Stated differently, what matters is not whether there is a prospect of "*prosecution*," but whether there is a prospect of "*enforcement*" of any kind. In open court,

the County informed the Court and the parties that that it fully intends to enforce Bill 23-26 civilly. No more is required for standing purposes.

Thank you for your attention to this matter.

Respectfully ,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Counsel for the *Barreto* Plaintiffs

cc: All Counsel via email and ECF service.