**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SILVER SPRING JEWISH CENTER, INC., *et al.*,<br><br>Plaintiffs,<br>v.<br><br>MONTGOMERY COUNTY, MARYLAND, *et al.*<br><br>Defendants. | : | Case No.: 8:26-cv-02963-DKC |
| JULIO BARRETO, JR., *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>MONTGOMERY COUNTY, MARYLAND<br><br>Defendant. | : | Case No. 8:26-cv-02912-DKC |

**DEFENDANTS' LINE RESPONDING TO COURT INQUIRY**

Defendants, by and through counsel, submit this Line in Response to this Court's Inquiry at the September 3, 2026 Motions hearing in both of the above-captioned matters, and state as follows:

1. Officers in the Montgomery County Police Department are the only enforcement officers authorized to issue criminal citations for violation of County Code §§ 57-10 and 57-11.

2. Based on the State's Attorney's statement and stipulation before this Court that the State's Attorney's Office will defer criminal prosecution until the full and final resolution of this matter, County Police Officers will not issue criminal citations for violation of County Code §§

57-10 or 57-11 to any person—regardless of whether or not such person is a plaintiff in any action before this Court—until full and final resolution of this matter.

3. The likelihood of other law enforcement agencies issuing criminal citations under the County Code is so remote as to be immeasurable. In any event, the State's Attorney's Office remains the only office capable of enforcing a criminal citation in court for violation of County Code provisions, and that Office will not seek to do so in any manner or respect whatsoever until the full and final resolution of this matter.

4. In the five years since Maryland Shall Issue, Inc. initiated its lawsuit styled as *Maryland Shall Issue, Inc., et al. v. Montgomery County, Maryland*, Case No. 8:21-cv-01736-TDC in May 2021, there has not been either a civil or criminal citation issued for violations of County Code §§ 57-10 or 57-11. The complete lack of any history of enforcement of any kind, coupled with the assurance that the only conceivable form of enforcement of any kind would be a civil citation and monetary fine, suggests that there is no need for emergency relief, as the balance of hardships and the public interest strongly argue in favor of this Court resolving this matter in the ordinary course, and deferring to the will and discretion of the legislature in the interim given the absence of meaningful risk of irreparable injury to plaintiffs.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

By: /s/ Jeffrey M. Schwaber

Jeffrey M. Schwaber (Bar ID #06095)
jschwaber@steinsperling.com
(301) 354-8110 (facsimile)
Deanna L. Peters (Bar ID #15674)
dpeters@steinsperling.com
(301) 354-8131 (facsimile)
STEIN SPERLING BENNETT
DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
(301) 340-2020

and

/s/ Erin J. Ashbarry

Erin J. Ashbarry (Bar ID #26298)
Chief, Division of Government Operations
erin.ashbarry@montgomerycountymd.gov
Office of the County Attorney
101 Monroe Street, Third Floor
Rockville, Maryland 20850
Tel: (240) 777-6700
Fax: (240) 777-6705

*Attorneys for Defendants, Montgomery County, Maryland, Marc Elrich, & Marc Yamada*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September, 2026, a copy of the foregoing was sent to all counsel of record via CM/ECF.

/s/ Jeffrey M. Schwaber

Jeffrey M. Schwaber (Bar ID #06095)