**Mark W. Pennak**
*President*

MARYLAND SHALL ISSUE
SELF DEFENSE IS A CIVIL RIGHT

September 9, 2026

VIA ELECTRONIC MAIL and ECF Filing
The Honorable Deborah K. Chasanow, District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770
MDD_DKCChambers@mdd.uscourts.gov

**RE: *Silver Spring Jewish Center, Inc. et al. v. Montgomery County, Maryland,* et al., Case No. 8:26-Cv-02963-DKC; J*ulio Barreto, Jr., et al. v. Montgomery County, MD*, Case No. 26-cv-02912-DKC**

Dear Judge Chasanow:

Undersigned counsel represents the *Barreto* plaintiffs in the above-captioned matters. This letter is intended to respond to points raised by the County in their September 8, 2026, line filing. First, the plaintiffs wish to bring to the Court's attention the Ninth Circuit's holding in *Peach Ranch, LLC v. Bonta,* 93 F.4th 482 (9th Cir. 2024), where the court held that "[o]ne need not violate a criminal law and risk prosecution in order to challenge the law's constitutionality." 93 F.4th at 497, citing *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). The court added that "[t]his principle applies equally in the civil context." *Id.*, citing *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010) ("The threatened state action need not necessarily be a prosecution."). See also *Federal Election Commission v. Cruz*, 596 U.S. 289, 300 (2022) (sustaining pre-enforcement standing in a civil suit seeking relief from the civil enforcement provisions imposed by the Bipartisan Campaign Reform Act of 2002).

Second, to the extent that the County suggests (Line at 2, ¶4) that the threat of enforcement bears on plaintiffs' likelihood of success on the merits or on the application of the legal test for the issuance of a preliminary injunction, any such suggestion improperly conflates standing with the merits. See, e.g., *Maryland Shall Issue, Inc, v. Hogan*, 971 F.3d 199, 212 (4th Cir. 2020), citing *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 429 (4th Cir. 2007) (observing that courts " 'must not confuse standing with the merits' "). See also *Peach Ranch,* 93 F.4th at 488 (noting that " 'the Supreme Court has cautioned that standing 'in no way depends on the merits' and has instructed us to take as true all material allegations in the complaint and construe the complaint in favor of the plaintiff.' ").

Third, the County's argues the County Police possess the sole authority to enforce Bill 23-26. Line at 1, ¶ 1. That is incorrect, as a matter of law. Section 1-18(a)(3) of the County Code provides that an "[e]nforcement officer means a police officer or other agent of Montgomery County, the State of Maryland, or any agency created under State or County law, whose job includes the issuance of a citation." Section 1-18(b)(1) then provides that "[a]n enforcement officer may issue a civil citation or a criminal citation to a person who the enforcement officer believes is committing or has committed a violation of County law." The County does not assert that it has power over all these kinds of "enforcement officers."

Fourth, the County argues that there no reason to issue a preliminary injunction in this case because has been no civil or criminal enforcement of Section 57-10 and Section 57-11(a) as against permit holders (plaintiffs' motion seeks relief only as to permit holders) since MSI's original action was brought in May of 2021. That argument ignores that Bill 21-22, which repealed the *then-existing* exemption for carry permit holders, was not enacted until November 28, 2022. It further ignores that Judge Rubin issued a decision on November 27, 2023, invalidating the County's regulation of firearms and, on December 12, 2023, specifically enjoined *any* enforcement of Section 57-10 and Section 57-11(a).

Fifth, Judge Rubin's injunction stayed in place until the Appellate Court issued its mandate on June 16, 2026, following the mandate of the Maryland Supreme Court in *Engage Armament LLC v. Montgomery Co*., 494 MD. 1 (2026), issued May 29, 2026. The Maryland Supreme Court's mandate specifically instructs the Circuit Court to issue declaratory and injunctive relief in accordance with the opinion of the Court, including injunctive relief barring any application of Section 57-11(a) to permit holders. 494 Md. at 30 ("we hold that § 57-11(a), as amended, is not a local law because of its application to holders of State-issued wear-and-carry permits traveling on public highways who cross within 100 yards of a place of public assembly."). The absence of enforcement against permit holders is thus utterly meaningless.

Thank you for your attention to this matter.

Respectfully ,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd, Ste C #1015
Baltimore, MD 21234-21502
mpennak@marylandshallissue.org
Phone: (301) 873-3671
Counsel for the *Barreto* Plaintiffs

cc: All Counsel via email and ECF service.